Per Curiam.
The cases are decisive, that by the common law the plaintiffs can recover damages only to the time of bringing the action,[1] unless there be a distinction in this respect between covenant and tort. It seems to us however that no such distinction can exist; and there is one case of covenant cited in the note to Saunders, where this principle was applied. Whether another action can be maintained by the plaintiffs for a future breach of the same covenant, is immaterial to the present question. Then as to the statute, we do-not see any reason for thinking that the legislature meant to alter the common law rule of damages. And further, from the provision giving a right of action to the apprentice himself, it seems to be intended, that notwithstanding a judgment m favor of the overseers, the covenant shall continue in force. We certainly cannot look forward six years and give damages for a supposed continuance of the breach, when, for aught we know, the defendant may be ready to perform his covenant in future, and when, if the boy should die, the defendant would be discharged.
The judgment must be entered for the smaller sum, with interest to the present time.

 See Leffingwell v. Elliott, 10 Pick. 204. In an action to recover damages for carrying on a particular business in violation of a contract between the parties, no damages can be assessed for any violation subsequent to the cora meneemsBt of the action. Pierce v. Woodward, 6 Pick. 206.